Payman Taheri SBN 217308
Law Office of Payman Taheri
12115 Magnolia Blvd., Suite 330
North Hollywood, CA 91607
Telephone (213)986-7577
Facsimile (818)301-2287
p@ptaheri.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KEVIN MODA,** | Case No. |
| Plaintiff, | **COMPLAINT FOR UNLAWFUL DEBT COLLECTION** |
| vs. | |
| **LAW OFFICES OF ROBERT C. ARONOFF, A PROFESSIONAL CORPORATION; ROBERT C. ARONOFF** | |
| | **JURY TRIAL REQUESTED** |
| Defendants. | |

COMPLAINT

Plaintiff, KEVIN MODA, hereby alleges:

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.    Plaintiff, KEVIN MODA ("PLAINTIFF") ("MODA"), is an individual residing in the County of Los Angeles, California.  MODA is a "consumer" within meaning of Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.).

2.    Defendant, **LAW OFFICES OF ROBERT C. ARONOFF, A PROFESSIONAL CORPORATION** ("DEFENDANT"), is a business with its primary location in the County of Los Angeles, and is a collection agency within meaning of Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.).

3.    Defendant, **ROBERT C. ARONOFF,** ("DEFENDANT"), is a person with its primary location in the County of Los Angeles, and is a collection agency within meaning of Fair Debt Collection Practices Act (15 USCS §§ 1692 et seq.).

4.    On January 18, 2016, Mr. Robert C Aronoff, Esq., personally and the Law Offices of Robert C Arnoff, a Professional Corporation (collectively "Aronoff") caused a letter to be transmitted  by way of both the United States mail and by way of email to Plaintiff, Kevin Moda, a demand for rents for residential property in which Mr. Moda resides at.  A copy of that letter is attached hereto and incorporated herein as **Exhibit A.**

5.    In pertinent part, the letter stated that:  "This firm represents Brivanlou Pacoima, LLC, the successor to Harold Igdaloff the trustee of the 1993 Igdaloff Family [Trust], which rented that referenced premises to you, beginning February 1, 2013. Mahin Hakak, the managing member of Brivanlou Pacoima, LLC, informs me that as of this date, you are 4 months behind in your rent payments."

6.    The January 18, 2016 letter further states: "the amount due is $15,600, plus late fees of $1560.00.  If the $15,600.00 is paid before 5:00 PM on January 22, 2016, the late fees will be waived.  If not, I have been authorized to begin legal proceeding to evict you from the premises and collect the amount due, including late fees, attorney's fees and court costs."

7.    The January 18, 2016 letter further states in pertinent part: "If the amount is not paid by 5:00 PM on January 22, 2016, we will proceed with the myriad of legal remedies available to my client."

8.    Aronoff is a "debt collector" subject to the FDCPA as it is a corporation and a professional who advertises and regularly engages in (by its own admission) (a) collection of consumer debts owed to others; and who has (b) used a instrumentality of interstate commerce and the mail in its business for the principal purpose of collecting consumer debts. 15 USCA § 1692a (6). See **Exhibit B** attached hereto and incorporated herein by reference ("my blog" appearing on the webpage of Arnoff as of January 25, 2016).

9.    'Consumer debts' subject to the FDCPA are debts (obligations to pay money) incurred, or alleged to be incurred, by natural persons in transactions involving money, property, insurance, or services used primarily for personal, family or household purposes. 15 USCA § 1692a (3), (5)--within purview of FDCPA whether or not reduced to judgment.

10.    Residential back-rent obligations are "consumer debts" within the meaning of the FDCPA (the "Act"); and a three-day notice to pay rent or quit (required as a prerequisite to summary eviction proceedings) is a 'communication' within the meaning of the Act. Therefore, attorney (or other third party) debt collectors who serve three-day nonpayment of rent notices on behalf of their landlord clients without the requisite validation notice (either included in the notice or sent within five days thereafter) violate the FDCPA. *Romea v. Heiberger & Assocs*. (2nd Cir. 1998) 163 F.3d 111, 115, 119; see also *Goldman v. Cohen* (2nd Cir. 2006) 445 F.3d 152, 156--attorney's commencement of lawsuit seeking unpaid rent triggered FDCPA validation notice requirements; *Hodges v. Feinstein, Raiss, Kelin & Booker, LLC* (2006) 383 N.J.Super. 596, 611, 893 A2d 21, 30—("summary dispossess action against public housing tenants

COMPLAINT

- - 2 - -

1   for nonpayment of rent is action on a 'debt' within meaning of FDCPA and attorney

2   filing action is 'debt collector' if attorney regularly files summary dispossess actions".)

3       11.    Plaintiff is informed and believes on the basis of such information and

4   belief alleges that Defendants is responsible in some manner for the events described

5   herein below and are liable to Plaintiff for the damages that he incurred.

6                                **JURISDICTION**

7       12.    The United States District Court, for the Central District of California has

8   jurisdiction over the matters in controversy pursuant to 28 U.S.C. §1331 and 15 U.S.C.

9   §1692k(d).

10                                  **VENUE**

11      13.    The United States District Court, for the Central District of California,

12  Western Division is the proper forum for litigation of this action as the conduct that

13  gave rise to the present action was undertaken in the County of Los Angeles, California.

14                         **FIRST CAUSE OF ACTION**

15  **UNFAIR DEBT COLLECTION PRACTICE (DUNNING LETTER VIOLATION**

16                       **AGAINST ALL DEFENDANTS)**

17      14.    Plaintiff incorporates by reference the allegations of paragraph 1-13, supra
    as though fully set forth herein.

18      15.    The January 18, 2016, letter is a letter that is in derogation of 15 USC

19  §1692g as it does not contain any of the language that a dunning letter must:

20                  Unless you notify this office within thirty (30) days

21                  after receiving this notice that you dispute the

22                  validity of the debt or any portion thereof, this office

23                  will assume this debt is valid. If you notify this

24                  office in writing within thirty (30) days from

25                  receiving this notice that you dispute the validity of

26                  this debt or any portion thereof, this office will

27

28                                COMPLAINT

obtain verification of the debt or obtain a copy of a
Judgment and mail you a copy of such Judgment or
verification. If you request this office in writing
within thirty (30) days after receiving this notice,
this office will provide you with the name and
address of the original creditor, if different from the
current creditor."

16.    The January 18, 2016 letter violates the prohibition against
debt collectors seeking to enforce obligation without providing the
consumer with the 30 day period in which the dispute the debt.

17.    The January 18, 2016 letter further violates the prohibition
against as it seeks to impose liability of falsely representing the
character/amount and the legal status of the allegedly debt owed.  15
U.S.C. §1692e (2) (A).

18.    Wherefore, the Plaintiff prays for judgment as follows
hereunder.

## UNFAIR DEBT COLLECTION PRACTICE (DUNNING LETTER VIOLATION AGAINST ALL DEFENDANTS)

19.    Plaintiff incorporates by reference the allegations of paragraph 1-16, supra
as though fully set forth herein.

20.    15 U.S.C. § 1692f specifically provides that a debt collector may not use
unfair or unconscionable means to collect or attempt to collect any debt, including,
without limitation, collecting "any amount (including any interest, fee, charge, or
expense incidental to the principal obligation) unless such amount is expressly
authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f.

21.    Along with filing suit under 15 U.S.C. § 1692e, consumers have a
statutory remedy for a violation of the relatively broad Section 1692f, which prohibits
unfair or unconscionable acts. See *Edwards v. McCormick,* 136 F. Supp.2d 795, 806

1   (S.D. Ohio 2001) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521,

2   528 (E.D. Pa. 1996)) ("While § 1692d prohibits 'harassment or abuse,' and § 1692e

3   forbids 'false or misleading representations,' § 1692f serves a backstop function,

4   catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e.

5   That is, '§ 1692f allows the court to sanction improper conduct that the FDCPA fails to

6   address specifically.'"

7       22.   15 U.S.C. § 1692e (2) (A) also considers a violation of the Act when a

8   debt collector falsely represents "the character, amount, or legal status of any debt".

9       23.   Such is the case here.  As can be seen by way of reference to **Exhibit C,**

10  attached hereto and incorporated herein by reference, the Plaintiff was made subjected

11  to violations of UCC §3-407 when the landlord materially altered negotiable

12  instruments provided her to collect rents on multiple occasions for rents for the same

13  month.  Further, as of 2014, the Plaintiff expecting to be assigned to an overseas matter,

14  started paying his rent in month in advance of when they were actually due.    On

    October 31, 2015 he paid rents due for January 2016.

15      24.   On or about January 7, 2016, before the Plaintiff had obtained his banking

16  records, Ms. Mahin Hakak, phoned the Plaintiff and alarmed that the January 2016

17  rents had not yet been received when they in fact had been tendered to the care of Ms.

18  Hakak on October 31, 2015.

19      25.   Based on the false representations of Ms. Hakak, the Plaintiff issued a

20  duplicate check for the January 2016 rents; which Ms. Hakak promptly deposited.

21      26.   Ms. Hakak told the Plaintiff that the Jan 2016 rents were not yet received

22  as of January, 7 2016, when she had in fact received said payments on October 31,

23  2015.    What Ms. Hakak had flagitiously done then was to materially alter the

24  negotiable instrument issued on October 31, 2015 to reflect that the payment was for

25  the rent due for December 2015, instead of January 2016.

26

27

28
_____

COMPLAINT

27.     Giving Ms. Hakak the benefit of the doubt and not having yet received his bank statement, Plaintiff issued a check on that was to be for the February 2016 rents, as a "duplicate" payment for the January 2016 rents.

28.     Therefore, even as of October 31, 2015, even considering the fraudulent conduct that Ms. Hakak had undertaking by altering the negotiable instrument to reflect that it was rents for December 2015.  When in fact the October 31, 2015 check was for rents due for January 2016.

29.     In sum, even though landlord Hakak, acted in a fraudulent, deceitful, criminal, flagitiously, manner, her own alteration of checks demonstrated that as of October 31, 2015, the rents were current to the month of December 31, 2015.  No less is referenced on the check itself where it is clear that the January 2016 date has been crossed out and December 2015 has been hand filled in.  See **Ex. C, Page 7.**

30.     Wherefore, in a patent matter.  It was quite obvious that the January 18, 2016 letter from Aronoff indicating that the payment for the property was 4 months in arrears was incorrect as Ms. Hakak had admitted even by way of her forgery and alteration of the negotiable instrument that the December 2015 rents had been paid and had on January 7, 2016 collected a yet another check for the same month under the supposition that she had never received October 31, 2015 check.

31.     The party admission by Ms. Hakak of the fact that the December 2015 check (assuming her forged facts to be accurate in arguendo, as it is the position of the plaintiff that the January 2016 rents had in fact been paid on October 31, 2015), the Plaintiff could not have been arrears on January 18, 2016, for 4-months and a $1,560 penalty; especially since between October 31, 2015 and January, 7 2016, Ms. hacker not had fraudulently induced the Plaintiff to issue another check in the sum of $3900 to her.

32.     One cannot find more ways in which the black letter, must less spirit of the Act was violated as it was in this case.

1
2
3
4
5

33.     15 U.S.C. § 1692f specifically provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including, without limitation, collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f.

6
7
8
9
10
11
12
13

34.     Along with filing suit under 15 U.S.C. § 1692e, consumers are entitled to allege a violation of the relatively broad Section 1692f, which generally prohibits unfair or unconscionable acts. See *Edwards v. McCormick*, 136 F. Supp.2d 795, 806 (S.D. Ohio 2001) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)) ("While § 1692d prohibits 'harassment or abuse,' and § 1692e forbids 'false or misleading representations,' § 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e. That is, '§ 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically.'"

14
15
16

35.     It should be abundantly clear that the FDCPA, both in black letter, as well as the spirit of the Act were intentionally, maliciously, negligently, fraudulently, and improperly violated.

17
18
19
20

36.     As a proximate result of Defendant conduct and noncompliance with the Fair Debt Collection practices outlined above, Plaintiff has been damaged in an amount according to proof and is entitled to compensatory, statutory, special and general damages and attorneys' fees.

21
22

**WHEREFORE**, Plaintiff prays judgment of the court as follows against each Defendant, jointly and severally as follows:

23
24

A.     On the First cause of action, per 15 U.S.C. §§1692 et seq., for statutory, special, compensatory as well as general damages according to proof;

25
26

B.     On the First cause of action, exemplary and punitive damages in an amount to be determined by the trier of fact;

27
28

COMPLAINT

C.     On the Second cause of action, exemplary and punitive damages in an amount to be determined by the trier of fact;

D.     plaintiff is entitled his actual damages encompass not only out of pocket losses, but also damages for anxiety, emotional suffering, embarrassment, and distress. Being threatened to being evicted from a property (his home for 3-years).  Based on the false allegation that he had not paid rents when he had in fact paid such rents is such an extreme and outrageous conduct warranting substantial amount of punitive and treble damages.  *Boyce v. Attorney's Dispatch Serv.*, Case No. C-3-94-347, 1999 WL 33495605, at *1 (S.D. Ohio 1999) (awarding actual damages for emotional distress; "Of the more than 100 cases under the FDCPA and the OCSPA that have been filed with this Court, this particular lawsuit involves the most egregious conduct by any defendant").  This is especially true when, as here, the Plaintiff was more than current on his rents, but was impermissibly pursued for additional rents and paid additional rents under false and fraudulent pretenses employed on him.

E.     Under 15 U.S.C. § 1692f(1): A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including, without limitation, collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

F.     For all attorneys' fees and costs incurred herein; and

G.     For such other and further relief as the court deems just and proper.

**<u>JURY TRIAL REQUESTED</u>**

Plaintiff hereby requests a jury trial in this matter.

Respectfully submitted.

Dated: January 25, 2016

By: _____/S/_____

    Payman Taheri, Esquire
    Attorney for Plaintiff Moda

COMPLAINT

# EXHIBIT "A"

LAW OFFICES OF

# ROBERT C. ARONOFF
A  P R O F E S S I O N A L  C O R P O R A T I O N

January 18, 2016

**Via U.S. Mail and Email:**
 mottv@l-mMconstruction.com
Mr.  Mordecai Notis
Notis Enterprises
4221 Wilshire Boulevard, Suite 282
Los Angeles, CA 90010

**Via U.S Mail and Email:**
moda@msn.com
Mr.  Kevin Moda
2170 Century Park East, Unit 1606
Los Angeles, CA 90067

Re:   **2170 Century Park East, Unit 1606**
      **Los Angeles, CA 90067**

Dear  Messrs. Moda and Notis:

This firm represents Brivanlou Pacoima, LLC, the successor to Harold Igdaloff the trustee of the 1993 Igdaloff Family which rented the referenced premisses to you beginning February 1, 2013.  Mahin Hakak, the managing member of Brivanlou Pacoima, LLC informs me that as of this date, you are 4 months behind in your rent payments.   Please refer to the attached ledger.

I am writing this letter as a courtesy to give you the opportunity to pay the outstanding amount in full without the inconvenience and legal expense of litigation.

The amount due is $15,600, plus late fees of $1,560.00.  If the $15,600.00 is paid before 5:00 pm on January 22, 2016, the late fees will be waived.  If not, I have been authorized to begin legal proceedings to evict you from the premises and collect the amount due, including late fees, attorney fees and court costs.

If you have proof of any payments other than as shown on the ledger, please provide them with your payment of the balance of the amount due.

Mr.  Mordecai Notis
Mr.  Kevin Moda
January 18, 2016
Page 2


        Please understand, this is not the first in a series of collection letters.  If the
amount is not paid by 5:00 pm on January 22, 2016, we will proceed with the myriad of
legal remedies available to my client.


                        Sincerely,


                        ROBERT C.  ARONOFF

Encl.
cc:     Mahin Hakak

1606
CONDO
2015

| DATE | REMARKS | DEBIT | CREDIT | BALANCE |
|---|---|---|---|---|
| 01/01/15 | January | 3900 | | 3900 |
| 02/01/15 | February | 3900 | | 7800 |
| 03/01/15 | March | 3900 | | 11700 |
| 03/29/15 | chk 5083 | 0 | 3900 | 7800 |
| 04/01/15 | April | 3900 | | 11700 |
| 04/23/15 | Chk 5092 | | 3900 | 7800 |
| 05/01/15 | May | 3900 | | 11700 |
| 05/19/15 | Chk 5228 | | 3900 | 7800 |
| 06/01/15 | June | 3900 | | 11700 |
| 07/01/15 | july | 3900 | | 15600 |
| 07/13/15 | Chk 130 | | 3900 | 11700 |
| 07/23/15 | Chk 130 retd | 3900 | | 15600 |
| 07/29/15 | Chk 131 | | 3900 | 11700 |
| 08/01/15 | August | 3900 | | 15600 |
| 09/01/15 | September | 3900 | | 19500 |
| 09/12/15 | Chk 1058 | | 3900 | 15600 |
| 09/23/15 | Chk 1071 | | 3900 | 11700 |
| 01/15/08 | October | 3900 | | 15600 |
| 10/14/15 | Chk 1093 | | 3900 | 11700 |
| 10/31/15 | Chk 1112 | | 3900 | 7800 |
| 11/01/15 | November | 3900 | | 11700 |
| 12/01/15 | Decmber | 3900 | | 15600 |
| 01/01/16 | January | 3900 | | 19500 |
| 01/07/16 | January | | 3900 | 15600 |
| 01/07/16 | Balance due | | | 15600 |

# Robert C. Aronoff
### Developing Winning Strategies for More than 30 Years.

| HOME | THE PRACTICE | MY BLOG | RESUME | BEVERLY HILLS OFFICE | SOUTH BAY OFFICE |
|---|---|---|---|---|---|

**COMMERCIAL AND REAL ESTATE LITIGATION**

**Robert C. Aronoff , Professional Corporation handles all aspects of a Civil Litigation practice, including:**

**Actions related to:**

Breach of Contract
Fraud
Defamation
Negligence
Unfair Competition
Interference with Contracts
Interference with Prospective Advantage
Specific Performance (enforce real estate purchase agreements)
Adverse Possession
Prescriptive Easements
Unlawful Detainer
Foreclosure of Mechanics Liens

**Prejudgment Remedies such as:**
Attachment
Claim and Delivery
Lis Pendens practice (recordation and/or expungement of lis pendens)
Preliminary Injunctions
Protective Orders
Injunctions

**Arbitrations**
**Court and Jury trials**
**Appeals**
**Enforcement of Judgments (debt collection)**

**REAL ESTATE**

**Robert C. Aronoff, Professional Corporation is experienced in handling various aspects of real estate transactions, including:**

Review of purchase contracts
Drafting of escrow instructions and amendments
Loan Commitments
Landlord/Tenant
Review and negotiation of commercial and residential leases
Drafting easements
ADA Compliance
Title Insurance issues
Mechanic Liens

**BANKRUPTCY AND CREDITORS' RIGHTS**

**Robert C. Aronoff, Professional Corporation is experienced in handling all aspects of Bankruptcy and Creditors' Rights,**

Robert C. Aronoff Law Services

**including:**

Asset Protection
Debt Restructuring
Assignments for the Benefit of Creditors
Bankruptcy
Representation of Creditor Committees
Relief from Stay
Cash Collateral Orders
Equitable Subordination of Claims
Objections to Plans of Reorganization
Asset sales
Lease assumption/rejection
Objections to Exemptions
Preparing and Objecting to Claims
Preference Litigation
Fraudulent and Voidable Transfers

Robert C. Aronoff © 2016   |   Important Information      Email: Robert@AronoffLaw.com

# EXHIBIT "C"

HSBC - Display Check Image                                                        Page 1 of 1

# HSBC ◆X◆

## Check Image

**Front of check**



| Posting Date | Account Number | Transaction Description | Amount |
|---|---|---|---|
| 05/29/2015 | ▮▮▮▮ | Check #5229 | $3,900.00 |

**Back of check**



Print Image

# HSBC ⟨X⟩

### Check Image



| Posting Date | Account Number | Transaction Description | Amount |
|---|---|---|---|
| 05/05/2015 | | Check #5092 | $3,900.00 |



Print Image

HSBC **◇**

Check Image



| Posting Date | Account Number | Transaction Description | Amount |
|---|---|---|---|
| 03/31/2015 | | Check #5083 | $3,900.00 |



Print Image

WARNING: THIS DOCUMENT HAS SECURITY FEATURES IN THE PAPER

Silver Lake Real Estate, LLC

90-3782/1211-895

Check No.        6094

Date February 14, 2015

Pay to the
Order of        Brivanlou Pacoima, LLC                                          $3,900.00***

Thirty Nine Hundred Dlls  Zero  Cents*******************************

DOLLARS

COMERICA BANK CALIFORNIA

www.comerica.com                    DO NOT CASH-FOR DEPOSIT ONLY.
                                     VOID IF NOT CASHED WITHIN 15-
                                     DAYS OF DATE OF ISSUE

Memo   April 2170

⑆006094⑆ ⑈121137522⑈

WARNING: THIS DOCUMENT HAS SECURITY FEATURES IN THE PAPER

Silver Lake Real Estate, LLC

Check No. **6083**

90-3782/1211-895

Date January 21, 2015

Pay to the
Order of _____ Brivalou Pacoima, LLC _____

$3,900.00***

Thirty Nine Hundred Dlls and Zero Cents*****************************

**DOLLARS**

**COMERICA BANK CALIFORNIA**
www.comerica.com

DO NOT CASH-FOR DEPOSIT ONLY.
VOID IF NOT CASHED WITHIN 15-
DAYS OF DATE OF ISSUE

Memo    2170 Century Park, March

⑈006083⑈ ⑆1211375 22⑈



WARNING: THIS DOCUMENT HAS SECURITY FEATURES IN THE PAPER

Silver Lake Real Estate, LLC

90-3782/1211-895

Check No. 6068

Date January 6, 2015

Pay to the Order of Brivanlou Pacoima, LLC

Thirty Nine Hundred Dlls and Zero Cents********************************

***$3,900.00****

DOLLARS

COMERICA BANK CALIFORNIA
www.comerica.com

FOR DEPOSIT ONLY- EXPIRES IF
NOT TENDERED WITHIN 15-DAYS OF
DATE OF ISSUANCE

Memo 2170 Feb

⑈006068⑈ ⑆121137522⑆



Date: 2015/01/12
CID: 0933-19AUG15
DIN: 970742457
Acct#:
Ck#: 6068
Amt: $ 3,900.00



1112   $3,900.00   12/3/2015



1071   $3,900.00   10/6/2015



1058   $3,900.00   9/21/2015

# Robert C. Aronoff
### Developing Winning Strategies for More than 30 Years.

| HOME | THE PRACTICE | MY BLOG | RESUME | BEVERLY HILLS OFFICE | SOUTH BAY OFFICE |

## COMMERCIAL AND REAL ESTATE LITIGATION

**Robert C. Aronoff , Professional Corporation handles all aspects of a Civil Litigation practice, including:**

**Actions related to:**

    Breach of Contract
    Fraud
    Defamation
    Negligence
    Unfair Competition
    Interference with Contracts
    Interference with Prospective Advantage
    Specific Performance (enforce real estate purchase agreements)
    Adverse Possession
    Prescriptive Easements
    Unlawful Detainer
    Foreclosure of Mechanics Liens

**Prejudgment Remedies such as:**

    Attachment
    Claim and Delivery
    Lis Pendens practice (recordation and/or expungement of lis pendens)
    Preliminary Injunctions
    Protective Orders
    Injunctions

**Arbitrations**
**Court and Jury trials**
**Appeals**
**Enforcement of Judgments (debt collection)**

## REAL ESTATE

**Robert C. Aronoff, Professional Corporation is experienced in handling various aspects of real estate transactions, including:**

    Review of purchase contracts
    Drafting of escrow instructions and amendments
    Loan Commitments
    Landlord/Tenant
    Review and negotiation of commercial and residential leases
    Drafting easements
    ADA Compliance
    Title Insurance issues
    Mechanic Liens

## BANKRUPTCY AND CREDITORS' RIGHTS

**Robert C. Aronoff, Professional Corporation is experienced in handling all aspects of Bankruptcy and Creditors' Rights,**

**including:**

    Asset Protection
    Debt Restructuring
    Assignments for the Benefit of Creditors
    Bankruptcy
    Representation of Creditor Committees
    Relief from Stay
    Cash Collateral Orders
    Equitable Subordination of Claims
    Objections to Plans of Reorganization
    Asset sales
    Lease assumption/rejection
    Objections to Exemptions
    Preparing and Objecting to Claims
    Preference Litigation
    Fraudulent and Voidable Transfers

Robert C. Aronoff © 2016  |  Important Information        ✉ Email: Robert@AronoffLaw.com